UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL SANCHEZ, CDCR #AC–8280,<br><br>        Plaintiff,<br><br>vs.<br><br>WEBSTER, Correctional Officer; GROUD, Correctional Officer; C. AYALA, Correctional Officer; J. GARCIA, Correctional Officer; Sgt. DURAN,<br><br>        Defendants. | Case No. 3:19-cv-01707-BAS-JLB<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

On September 7, 2019, Plaintiff Miguel Sanchez, while incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. § 1983. (*See* "Compl.," ECF No. 1.) Plaintiff claimed several correctional officials entered his cell on August 28, 2019, August 31, 2019, and September 1, 2019, "trashed" his personal property and "stole" or "destroy[ed] [his] confidential court legal mail" in retaliation for a CDCR 602 inmate appeal he filed in December 2018. (*Id.* at 1–5.)

/ / /

## I. Procedural History

On November 22, 2019, the Court granted Plaintiff's Motion to Proceed In Forma Pauperis ("IFP"), but dismissed his Complaint *sua sponte* for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (*See* ECF No. 3.) Plaintiff was notified of his pleading deficiencies and was ordered to file an Amended Complaint on or before January 6, 2020. (*Id.* at 5–11.) Plaintiff was also warned that failure to amend would result in the dismissal of his case. (*Id.* at 11); *see Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff did not file an Amended Complaint by January 6, 2020, nor has he filed a request for an extension of time. "The failure of the plaintiff eventually to respond to the court's ultimatum—either by amending the complaint or by indicating to the court that [he] will not do so—is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and his failure to prosecute as required by Court's November 22, 2019 Order requiring amendment. The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATED: January 22, 2020

Hon. Cynthia Bashant
United States District Judge